JOSEPH B. BIGGERSTAFF, Respondent, *vs.* THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, Appellant.

1. *Railroad Corporation law—" Enclosed or cultivated fields" not merely those protected by the owner with lawful fence.*—The statute laying on railroad companies the obligation of fencing their tracks along "enclosed or cultivated fields" (Wagn. Stat., 310–11, § 43,) does not require that the fields should be protected by the owner with a lawful fence on other sides, in order to hold the road for failure to fence the side adjacent to the road-bed. But the incursion of stock and injuries to crops must result from the failure of the company to erect such fence. Where caused by insufficiency of the fence put up by the owner, the company will not be responsible.

### *Appeal from Clinton Circuit Court.*

*James M. Riley*, for Appellant, cited Trice vs. Hann. & St. Joe. R. R. Co., 49 Mo., 438; Clark's Adm'r vs. Same, 36 Mo., 202; Graw vs. St. L., K. C. & N. R. R., 54 Mo., 240.

*Thomas E. Turney*, for Respondent, cited Wagn. Stat., 311, § 43; Trice vs. Hann. & St. Joe. R. R. Co., 49 Mo., 438; Aubuchon vs. St. L., K. C. & N. R. R. Co., 52 Mo., 522; Hudson vs. St. L., K. C. & N. R. R. Co., 53 Mo., 525.

NAPTON, Judge, delivered the opinion of the court.

The plaintiff in his petition alleges, that he is the owner of an enclosed and cultivated field, in Clinton County (describing it); that defendant's railway passes through said field; that defendant failed and refused to erect and maintain a fence on the sides of its road, where the same passed through said enclosed and cultivated field, and that in consequence of such failure to construct such fences, horses, cattle, mules, etc., came upon said cultivated fields, during the month of May and summer of 1872, and destroyed plaintiff's crop in said field. The damages are laid at $200, and the judgment asked is $400 under the statute.

To this petition there was a demurrer which was overruled. It is unnecessary to state the grounds of the demurrer, as the same questions were afterwards presented at the trial.

The answer ultimately filed is a mere denial of all the allegations of the petition.

There was a trial and verdict for plaintiff for $200 which the court doubled and gave judgment for $400.

The proof was that the road was not fenced on either side, and that the hogs got in by way of the railroad, and destroyed plaintiff's crops.

The court instructed the jury, that if they were satisfied that the defendant's railway passed through a cultivated field of plaintiff, and defendant had not built fences along the sides of its road, where it passed through said field, and that in consequence of said failure to fence, cattle, horses, etc., came upon said field and destroyed crops, the jury were directed to find the value of the crops destroyed.

The defendant asked several instructions, all of which were refused. The court might very well have given all those that related to the exemption from liability on the part of the railroad company for damages occasioned by an insufficient enclosure of the plaintiff. Of course, the company were not responsible for damages occasioned by a defective enclosure of plaintiff's field ; but the allegations in this case charge the damage to the failure of the railroad company to build fences ; and the proof showed that the damage so resulted, and the instruction given required the jury to find that the damage resulted from the failure of the railway to fence up its road.

The main objection on the demurrer and subsequently on the trial, was that the enclosed and cultivated fields named in § 43, art. II, of the corporation law meant fields enclosed by a lawful fence.

The language of the statute does not require any such restriction ; nor does the reason and policy of the law. The damage for which the railroad company is responsible does not spring from any neglect of others to comply with the law, but from their own failure to comply with the law. And if they can show that the damage resulted by reason of an imperfect or insufficient fence of the party suing, they are exempted from liability.

The jury had no right to find a verdict for the plaintiff, except they were satisfied that the damages to the plaintiff's

crop resulted from the failure of defendant to comply with the requirements of the statute; and the proof on the subject, uncontradicted as it was, clearly established that the hogs, etc. got into the field by the railroad and not through any imperfect fence of plaintiff.

There is no proof in the case that any public road crossed the railway at points adjoining the field; and, therefore, the construction of cattle-guards had nothing to do with the case.

Judgment affirmed; the other judges concur.