CALEB T. PINNELL, Respondent, v. THE ST. LOUIS,. ARKANSAS & TEXAS RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 5, 1892.

1. **Practice, Appellate:** NON-PREJUDICIAL ERROR. The refusal of the trial court to require the plaintiff to elect between two causes of action, even when erroneous, is not prejudicial, when that court limits him to the proof of one of the causes.

2. **Action for Killing of Stock by Railway Train:** CONTRIBU-TORY NEGLIGENCE. Contributory negligence, debarring the plaintiff's right of recovery, exists only where the negligence of plaintiff contributed proximately to the injury sued for; it does not exist where the injury sued for and that resulting from the fault of the plaintiff are disconnected.

3. ————: SUFFICIENCY OF EVIDENCE AS TO DAMAGES. The evidence is considered, and is *held* to have been sufficiently definite in regard to. the *quantum* of the damages to warrant the verdict for the plaintiff.

*Appeal from the Mississippi Circuit Court.*—HON. H. C.. O'BRYAN, Judge.

AFFIRMED.

*H. N. Phillips* and *C. L. Keaton,* for appellant.

*H. C. Riley, Wilson Cramer* and *R. B. Oliver,* for· respondent.

BIGGS, J.—The pleadings and proof in this case-show that the defendant's railroad is constructed through a certain farm in New Madrid county, which the plaintiff occupied as a tenant during the fall of 1887 and the year 1888. There was an inclosure of one hundred and twenty-two acres, all of which the plaintiff had sown in wheat. There was a traveled road extend-ing along the north side of this wheat field. The rail-road extended across this highway into the inclosure..

The plaintiff's action was brought for double damages under section 2611 of the Revised Statutes of 1889. The petition in substance alleged that the cattle-guard at the point where the railroad passed over the highway into the plaintiff's wheat field was insufficient, and that by reason of this, and the failure of the defendant to erect fences along the sides of its roadbed, where it passed through the field, hogs came over the railroad at the cattle-guard, and thence into the plaintiff's wheat. It was claimed that the hogs, thus escaping from the highway onto the premises, damaged the wheat crop in the sum of $800. The answer was a general denial. The jury returned a verdict for $800, which the court doubled. The defendant has appealed.

The petition, after stating the damage to the crop, contained the following clause: "That by reason of said hogs being in said field, and his effort to save said wheat field from said hogs, he has been bound to expend in timber and labor and feed the sum of $200," making the total damage claimed $1,000.

The defendant insisted that, by reason of this averment, two separate causes of action were stated in one count, and through its counsel moved the circuit court to require the plaintiff to elect upon which of the two causes of actions he would proceed to trial. The motion was overruled, and that action of the court is assigned for error. Conceding this ruling of the court to be error, the defendant was in no way prejudiced by it, because the plaintiff was not permitted to give any evidence of damages other than those arising from the destruction of the crops, and the court by its instructions expressly confined the jury, in the assessment of damages, to the injuries done to the wheat. The plaintiff testified without objection that his hired hand spent a good deal of his time in driving the hogs from the field and in trying to keep them out, but the only effect

and object of the evidence was to show that the plaintiff had not been entirely passive, but, on the contrary, had made reasonable efforts to protect himself against the defendant's alleged negligence, after the defendant upon notice had failed to repair the cattle-guard.

It is urged by the defendant's counsel that a question of contributory negligence is in this case, and that the court committed error in refusing its instructions on that theory of the testimony. This complaint constitutes the defendant's second assignment of error. There was evidence tending to prove that the fence on the east side of the wheat field was somewhat out of repair, and that two or three times during the spring hogs were known to get into the wheat field through this fence. It is supposed by the defendant's counsel that this evidence tended to prove that the plaintiff was guilty of contributory negligence in respect of the injuries alleged to have occurred through the defendant's negligence. We have been at a loss to know how this theory can be worked out on principle. The general rule is that the defendant will be excused from liability for a negligent act, when it affirmatively appears that the fault of the plaintiff *proximately* contributed to the injury; that is, notwithstanding the negligence of the defendant, the injury would not have happened but for the concurrent negligence of the plaintiff. Applying this rule to the case in hand we are unable to see what connection there could possibly have been between the failure of the plaintiff to keep the east fence in repair and the damage resulting from the failure of defendant to comply with its statutory duty. *Biggerstaff v. Railroad*, 60 Mo. 567. The evidence in reference to the bad condition of the east fence was only admissible for the purpose of showing that the entire damage complained of, or a portion of it, was caused by hogs which came upon the land through the

east fence, and not with the view of defeating the action on the ground of contributory negligence. We will have to rule this assignment against the defendant.

Lastly, the defendant claims that the verdict is excessive. The plaintiff's evidence tended to prove that the value of the wheat destroyed was from $800 to $1,200; that it was destroyed by hogs, and that they got into the field over the cattle-guard which had been allowed to fill up so that hogs could pass over it. There was evidence to the effect, that some hogs broke through the east fence two or three times and destroyed an acre or more of wheat. In addition to the plaintiff's instructions, concerning which there is no complaint, the defendant asked and the court gave the following: "The court instructs the jury that plaintiff can recover for such damage only as you find from the evidence was occasioned by hogs coming into the field in question through the defendant's defective cattle-guards; and, if you find from the evidence that hogs got into said field through plaintiff's own fence or gaps therein, you will allow plaintiff, if you find for him at all, only such damages as were caused by the hogs that entered the field in question through the defendant's defective cattle-guard; and the burden of proving the damage thus done, and the defects in the cattle-guards, and failure of defendant to erect fences along the side of its road, devolves upon the plaintiff." It is claimed by the defendant's counsel that this instruction was not given as asked, but was modified by the court. The record does not bear out this statement. It shows that the defendant asked, and the court gave, the instruction. Under this instruction and the evidence the defendant's counsel argues not only that the verdict is excessive, but also that, as the evidence failed to separate or designate in anything like a definite way the injuries committed by either lot of hogs, the plaintiff must fail in his action

entirely. The evidence placed the entire damage as high as $1,200, The verdict was for $800. The difference would be ample to cover all damage done by the hogs which came into the field through the plaintiff's fence. This places the verdict within the scope of the evidence which precludes us from deciding the amount to be excessive. Now it is true that the evidence failed to fix in a definite way the amount of damage done by either lot of hogs, but the plaintiff's evidence did tend to show that the great bulk of the damage resulted from the defendant's failure to comply with the statutory requirement.

In view of the fact that the damage done by the hogs getting through the plaintiff's fence was quite small, when compared with the damage done by the others, and the further fact that the defendant failed entirely to construct a fence along the sides of its road, we think that the defendant is in no condition to split hairs over such a question. The testimony was as satisfactory and definite as could reasonably have been expected. We will, therefore, rule this assignment likewise against the defendant.

Finding no error in the record the judgment of the circuit court will be affirmed. All the judges concur.